In the United States District Court
for the District of Colorado

| | |
|---|---|
| Frank Lopeman, | |
| *On behalf of himself and those similarly situated*, | Case No. 1:21-cv-2386 |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| Stantec Consulting Services Inc.; Doe Corporation 1-10; Doe Individuals 1-10 | Jury Demand Endorsed Hereon |
| Defendants. | |

Class and Collective Action Complaint

1.      This lawsuit seeks redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. 4111.01, *et seq.*, O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"), O.R.C. § 2307.60, and for unjust enrichment resulting from Defendant Stantec Consulting Services Inc. denial of overtime wages to employees designated by Defendant as "hourly exempt" employees.

2.      Defendant Stantec Consulting Services Inc. is an international consulting firm serving a wide range of governments and private sector industries.

3.      Defendant's "hourly exempt" employees (hereinafter, "Hourly Exempt Employees") are not exempt from the overtime requirements of the FLSA and Ohio wage and hour laws because they are not paid on a salary basis.

4. Throughout the time period relevant to this lawsuit, however, Defendant has paid Hourly Exempt Employees at the Hourly Exempt Employee's regular hourly rate for the overtime hours they have worked. In other words, Hourly Exempt Employees receive "straight time" for their overtime hours.

5. Defendants repeatedly and willfully violated the Fair Labor Standards Act, the OMFWSA, and the Ohio Prompt Pay Act by failing to pay time-and-a-half overtime wages to the Hourly Exempt Employees.

6. All Hourly Exempt Employees, including Plaintiff, have been subject to the same or similar employment policies and practices.

## JURISDICTION AND VENUE

7. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

8. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Ohio law claims.

9. The amount in controversy in this matter exceeds the sum or value of $5,000,000 exclusive of interest and costs.

10. Plaintiff and at least one member of the proposed collective action class are citizens of a state different from that of Defendant.

11. Citizenship of the members of the proposed collective action class is dispersed across the United States.

12. Plaintiff and the Hourly Exempt Employees' claims involve matters of national and/or interstate interest.

13. Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in this district.

## PARTIES

**Plaintiff**

**Frank Lopeman**

14. Plaintiff Frank Lopeman is a resident of Ohio.

15. Plaintiff was an "employee" of Defendant under the FLSA and Ohio law.

16. Plaintiff has given written consent to join this action.

**Defendants**

**Stantec Consulting Services Inc.**

17. Defendant Stantec Consulting Services Inc. is a New York corporation.

18. Defendant Stantec Consulting Services Inc. has its principal place of business in Broomfield, Colorado.

19. Stantec Consulting Services Inc. is the name that appears on Plaintiff's paystubs for the work he completed for Defendant.

20. Defendant Stantec Consulting Services Inc. has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

21. Defendant Stantec Consulting Services Inc. has direct and/or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

22. At all relevant times, Defendant Stantec Consulting Services Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not

limited to, hiring, firing, disciplining, hours worked, recordkeeping, payroll, pay rates, and other practices.

23. Defendant Stantec Consulting Services Inc. is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA, the OMFWSA, and the Ohio Prompt Pay Act.

24. At all relevant times, Defendant Stantec Consulting Services Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

25. Defendant Stantec Consulting Services Inc.'s gross revenue exceeds $500,000 per year.

**Doe Corporation 1-10**

26. Upon information and belief, Defendant may own, operate, and control other entities and/or limited liability companies that also comprise part of the Stantec Consulting Services Inc. operation, and qualify as "employers" of Plaintiff and the Hourly Exempt Employees as that term is defined by the FLSA and Ohio wage law.

27. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

28. Upon information and belief, there are individuals who also qualify as "employers" of Plaintiff and the Hourly Exempt Employees at Stantec Consulting Services Inc. as that term is defined by the FLSA and Ohio wage law.

29. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## FACTS

30. Stantec Consulting Services Inc. provides consulting services to governments and business across the United States and around the world.

31. To provide these services, Defendant employs thousands of individuals.

32. Defendant classifies some segment of their workers as "hourly exempt" employees, meaning that Defendant informs the workers that they are "exempt" from the FLSA and related state wage and hour laws and therefore do not receive time-and-a-half their regular hourly rate for overtime purposes.

33. Defendant's "hourly exempt" designation and policy is explained in Defendant's Employee Handbook.

34. As the name suggests, the Hourly Exempt Employees have been paid on an hourly basis.

35. At all times relevant, Defendant has paid the Hourly Exempt Employees on an hourly basis.

36. Defendant does not pay the Hourly Exempt Employees on a salary basis.

37. In some or all workweeks, the Hourly Exempt Employees have worked more than 40 hours.

38. In some or all workweeks, Defendant paid Hourly Exempt Employees their regular pay rate for hours worked in excess of 40 per workweek.

39. During workweeks when Hourly Exempt Employees worked less than 40 hours, Defendant has paid the Hourly Exempt Employees wages only for the hours they worked, rather than a set weekly amount.

40. The precise amount of underpayment in any given workweek cannot be calculated without access to Defendant's records.

41. Defendant applied the same or similar pay policies, practices, and procedures to all Hourly Exempt Employees.

42. Defendants have willfully failed to pay federal and Ohio state overtime to Plaintiff and similarly situated Hourly Exempt Employees at Stantec Consulting Services Inc.

**Plaintiff's Individual Factual Allegations**

43. Plaintiff worked for Defendant in Columbus, Ohio as a Construction Services Field Manager from July 2003 to March 27, 2020.

44. From September 2018 until the end of his employment, Plaintiff was classified as an Hourly Exempt Employee.

45. Plaintiff worked over 40 hours for Defendant in some workweeks.

46. Defendant's payroll records will show that Plaintiff worked in excess of 40 hours in some workweeks.

47. Since September 2018, Plaintiff has been paid his regular hourly rate for the hours he worked.

48. Since September 2018, Plaintiff has been paid for the hours he worked in excess of 40 hours per week at his regular hourly rate.

49. Since September 2018, in order for Plaintiff to be paid the equivalent of his hourly rate for 40 hours in a workweek, he was required to use his earned vacation and sick time to cover the difference between 40 hours and the number of hours he worked.

50. Defendants have failed to pay Plaintiff overtime as required by law.

## Collective Action Allegations

51. Plaintiff brings the First Count on behalf of himself and all similarly situated current and former Hourly Exempt Employees at Stantec Consulting Services Inc. during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

52. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar pay arrangement, specifically, they have all been subject to Defendant's decision, policy, plan, practices, procedures, protocols, and rules of willfully denying Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular hourly rate. Plaintiff's claims are essentially the same as those of the FLSA Collective.

53. Defendants' unlawful conduct is pursuant to a company policy or practice.

54. Defendants are aware or should have been aware that federal law required the hourly employees to be paid time-and-a-half their regular hourly rate for hours worked in excess of 40 per workweek.

55. Defendants' unlawful conduct has been widespread, repeated, and consistent.

56. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

57. The FLSA Collective members are readily identifiable and ascertainable.

58. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## Class Action Allegations

59. Plaintiff brings the Second, Third, Fourth, and Fifth Counts under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former Hourly Exempt Employees who have worked for Defendant Stantec Consulting Services Inc. in the State of Ohio between the date six years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 Class").

60. Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

61. The number and identity of the Rule 23 Class members are ascertainable from Defendant's records.

62. The hours assigned and worked and the rates of pay for each Rule 23 Class Member are determinable from Defendant's records.

63. All of the records relevant to the claims of Rule 23 Class members should be found in Defendant's records.

64. For the purpose of notice and other purposes related to this action, the Rule 23 Class Members' names and contact information are readily available from Defendant.

65. Notice can be provided by means permissible under Rule 23.

66. The Rule 23 Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

67. There are more than 50 Rule 23 Class members.

68. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

69. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the OMFWSA and O.R.C. § 4113.15.

70. Plaintiff and the Rule 23 Class members have also unjust enriched Defendant in the same way—by having to exchanged earned vacation and sick time in exchange for being paid for 40 hours in workweeks when they worked less than 40 hours.

71. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

72. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

73. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

75. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

76. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

   a. Whether Plaintiff and the Rule 23 Class members were paid on an hourly basis;

   b. Whether Plaintiff and the Rule 23 Class members were subject to the same or similar terms of employment and compensation;

   c. Whether Plaintiff and the Rule 23 Class members were paid their regular hourly rate for hours worked in excess of 40 hours in a workweek;

   d. Whether Plaintiff and the Rule 23 Class were paid time and a half overtime wages when they worked over 40 hours per week;

   e. Whether Plaintiff and the Rule 23 Class conferred a benefit on Defendant that Defendant was aware of and accepted, and whether it would be unjust for Defendant to retain that benefit without compensating for it;

   f. Whether Defendant failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by O.R.C. § 4113.15, and, if so, whether the wages owed are "in dispute"; and

   g. The nature and extent of class-wide injury and the measure of damages for those injuries.

77. In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## Causes of Action

### Count 1
### Failure to Pay Overtime Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

78. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

79. Plaintiff and the FLSA Collective were all categorized as "hourly exempt" employees by Defendant.

80. Plaintiff and the FLSA Collective worked hours in excess of 40 in some or all workweeks.

81. Plaintiff and the FLSA Collective were paid on an hourly basis for all hours worked.

82. Plaintiff and the FLSA Collective were denied overtime wages at time-and-a-half their regular hourly rate.

83. Plaintiff and the FLSA Collective were paid their regular hourly rate for hours worked in excess of 40 in a workweek.

84. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

85. Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay overtime wages as required by law.

86. As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid overtime wages, liquidated damages, costs, and attorneys' fees.

### Count 2
### Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act
### (On Behalf of Plaintiff and the Rule 23 Class)

87. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

88. Plaintiff and the Rule 23 Class are paid on an hourly basis.

89. Plaintiff and the Rule 23 Class worked more than forty hours in one or more workweeks.

90. Defendant paid Plaintiff and the Rule 23 Class at their regular hourly rate for hours worked in excess of 40 per workweek.

91. Plaintiff and the Rule 23 Class were not paid time and a half their regular rate for hours worked in excess of 40 hours per week.

92. By not paying Plaintiff and the Rule 23 Class proper overtime wages for time worked in excess of forty hours in a workweek, Defendant has violated the OMFWSA.

93. As a result of Defendant's violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorneys' fees.

### Count 3
### Untimely Payment of Wages – O.R.C. § 4113.15
### (On Behalf of Plaintiff and the Rule 23 Class)

94. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

95. During all relevant times, Defendant was covered by O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

96. O.R.C. § 4113.15(A) requires that Defendant pay Plaintiff and the Rule 23 Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

97. By denying Plaintiff and the Rule 23 Class overtime wages, Defendant has failed to pay Plaintiff and the Rule 23 Class all wages due to them.

98. By failing to pay Plaintiff and the Rule 23 Class all wages due to them under the FLSA and Ohio law, Defendants have also violated the Ohio Prompt Pay Act.

99. Plaintiff and the Rule 23 Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

100. Plaintiff's and the Rule 23 Class's entitlement to the wages sought herein is and has been undisputed.

101. As a result of Defendants' violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

### Count 4
### Damages Pursuant to O.R.C. § 2307.60
### (On Behalf of Plaintiff and the Rule 23 Class)

102. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

103. A willful violation of the FLSA is a criminal act. 29 U.S.C. § 216(a).

104. By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

105. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

106. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

### Count 5
### Unjust Enrichment
### (On Behalf of Plaintiff and the Rule 23 Class)

107. The Hourly Exempt Employees have conferred a benefit on Defendant by working at their regular hourly rate for overtime hours.

108. The Hourly Exempt Employees have conferred a benefit on Defendant by using earned vacation and sick time during workweeks when they worked less than 40 hours in order to be paid for 40 hours in that particular week.

109. Defendant is aware of and has accepted the benefits conferred on them by Plaintiff and the Rule 23 Class.

110. It would be unjust for Defendant to be permitted to retain the benefit conferred on them by the Hourly Exempt Employees without commensurate compensation.

111. Plaintiff and the Rule 23 Class are entitled to equitable restitution of all unapid wages and for vacation and sick time they were forced to use.

**WHEREFORE**, Plaintiff Frank Lopeman prays for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.  Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D.  Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel.

E.  An award of unpaid overtime wages due under O.R.C. § 4113.15, and the OMFWA.

F.  An award of restitution for unjust enrichment.

G.  Liquidated damages under O.R.C. § 4113.15.

H.  Compensatory and punitive damages under O.R.C. § 2307.60.

I.  An award of prejudgment and post-judgment interest.

J.  An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

K.  Such other legal and equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

DATED: September 3, 2021

        Respectfully submitted,

        */s/ Andrew Kimble*
        Andrew R. Biller
        Andrew P. Kimble
        Nathan Spencer

BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*nspencer@billerkimble.com*

www.billerkimble.com

Jason E. Dawicke (Ohio Bar No. 0073632)
Dawicke Law, LLC
P.O. Box 21354
Columbus, Ohio 43221
Telephone: (614) 477-7301
Facsimile: (888) 858-3063
*jdawicke@dawickelaw.com*

*Counsel for Plaintiff and the putative class*
