UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| FRANK LOPEMAN, *on behalf of himself and those similarly situated*,<br><br>                                                                Plaintiff,<br><br>- vs -<br><br>STANTEC CONSULTING SERVICES INC., DOE CORPORATION 1-10, AND DOE INDIVIDUALS 1-10,<br><br>                                                                Defendants. | **ANSWER TO COMPLAINT**<br><br>Case No. 1:21-cv-2386 |

Defendant Stantec Consulting Services Inc. ("Defendant"), by and through its attorneys, Nixon Peabody LLP, hereby answers the allegations contained in the numbered paragraphs of the Complaint ("Complaint") filed by Plaintiff Frank Lopeman ("Plaintiff") as follows:

1.      Paragraph 1 of the Complaint purports to state the purpose for this action, contains legal conclusions related to Defendant, and contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

2.      Admits the allegations in Paragraph 2 of the Complaint.

3.      Denies the allegations in Paragraph 3 of the Complaint.

4.      Denies the allegations in Paragraph 4 of the Complaint.

5.      Denies the allegations in Paragraph 5 of the Complaint.

6.      Denies the allegations in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7.      Paragraph 7 of the Complaint purports to state the alleged basis for subject matter jurisdiction for this action, and contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

1

8. Paragraph 8 of the Complaint purports to state the alleged basis for supplemental jurisdiction for this action, and contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

9. Paragraph 9 of the Complaint purports to state Plaintiff's alleged amount in controversy in this matter, and contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

10. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint.

11. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint and, therefore, denies.

12. Denies the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint purports to state the alleged basis for venue in this action, and contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

## PARTIES

**PLAINTIFF**

**Frank Lopeman**

14. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint and, therefore, denies.

15. Paragraph 15 of the Complaint states legal conclusions, and contains no factual allegations for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

16. Paragraph 16 of the Complaint alleges that Plaintiff has given written consent to join in this action and, therefore, Defendant refers to the referenced document for its content.

## DEFENDANTS

**Stantec Consulting Services Inc.**

17. Admits the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion and contains no factual allegations for which an answer is required.

19. Admits the allegations in Paragraph 19 of the Complaint.

20. Denies the allegations in Paragraph 20 of the Complaint.

21. Denies the allegations in Paragraph 21 of the Complaint.

22. Denies the allegations in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states legal conclusions, and contains no factual allegations for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

24. Paragraph 24 of the Complaint states legal conclusions, and contains no factual allegations for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

25. Admits the allegations in Paragraph 25 of the Complaint.

**Doe Corporation 1-10**

26. Paragraph 26 purports to state Plaintiff's belief as to the existence of other entities related to Defendant, states legal conclusions, and contains no factual allegations for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

27. Paragraph 27 purports to state Plaintiff's belief as to the existence of other entities related to Defendant, and contains no factual allegations for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

**John Doe 1-10**

28. Paragraph 28 purports to state Plaintiff's belief as to the existence of other individual "employers," states legal conclusions, and contains no factual allegations for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

29. Paragraph 29 purports to state Plaintiff's belief as to the existence of other individual "employers," and contains no factual allegations for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

**FACTS**

30. Admits the allegations in Paragraph 30 of the Complaint.

31. Admits the allegations in Paragraph 31 of the Complaint.

32. Denies the allegations in Paragraph 32 of the Complaint.

33. Denies the allegations in Paragraph 33 of the Complaint.

34. Denies the allegations in Paragraph 34 of the Complaint.

35. Denies the allegations in Paragraph 35 of the Complaint.

36. Denies the allegations in Paragraph 36 of the Complaint.

37. Denies the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations in Paragraph 38 of the Complaint.

39. Denies the allegations in Paragraph 39 of the Complaint.

40. Denies the allegations in Paragraph 40 of the Complaint and further denies any allegations related to any "underpayment" of wages.

41. Denies the allegations in Paragraph 41 of the Complaint.

42. Denies the allegations in Paragraph 42 of the Complaint.

## PLAINTIFF'S INDIVIDUAL FACTUAL ALLEGATIONS

43. Denies the allegations in Paragraph 43 of the Complaint, except admits that Plaintiff last worked for Defendant in Columbus, Ohio on March 27, 2020.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and, therefore, denies, except admits that Plaintiff reported working over 40 hours in certain workweeks.

46. Denies the allegations in Paragraph 46 of the Complaint.

47. Denies the allegations in Paragraph 47 of the Complaint.

48. Denies the allegations in Paragraph 48 of the Complaint.

49. Denies the allegations in Paragraph 49 of the Complaint.

50. Denies the allegations in Paragraph 50 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

51. Paragraph 51 of the Complaint purports to state the bases for Plaintiff's alleged Fair Labor Standards Act ("FLSA") collective action, and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.  Defendant further denies that Plaintiff is entitled to act on behalf of other persons by way of a collective action.

52. Denies the allegations in Paragraph 52 of the Complaint.

53. Denies the allegations in Paragraph 53 of the Complaint.

54. Denies the allegations in Paragraph 54 of the Complaint.

4845-8117-6063.1

55. Denies the allegations in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint purports to state the statutory basis for the FLSA collective action and/or legal conclusions, and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

57. Denies the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint purports to request payment of a service award to Plaintiff upon the resolution of this action, and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied. Defendant further denies that Plaintiff is entitled to any service award requested in Paragraph 58 of the Complaint.

## CLASS ACTION ALLEGATIONS

59. Paragraph 59 of the Complaint purports to state the bases for Plaintiff's alleged class under Rule 23 of the Federal Rules of Civil Procedure, and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied. Defendant further denies that Plaintiff is entitled to act on behalf of other persons by way of a class action.

60. Paragraph 60 of the Complaint purports to state the exclusions to Plaintiff's alleged class definition under Rule 23 of the Federal Rules of Civil Procedure and/or legal conclusions, and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

61. Denies the allegations in Paragraph 61 of the Complaint.

62. Denies the allegations in Paragraph 62 of the Complaint.

63. Denies the allegations in Paragraph 63 of the Complaint.

4845-8117-6063.1

64. Denies the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint purports to make reference to the notice requirements under Rule 23 and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

66. Paragraph 66 of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

67. Denies the allegations in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

69. Denies the allegations in Paragraph 69 of the Complaint.

70. Denies the allegations in Paragraph 70 of the Complaint.

71. Denies the allegations in Paragraph 71 of the Complaint.

72. Denies the allegations in Paragraph 72 of the Complaint.

73. Denies the allegations in Paragraph 73 of the Complaint.

74. Denies the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states a legal conclusion and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

76. Paragraph 76 of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

4845-8117-6063.1

    a. Paragraph 76(a) of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

    b. Paragraph 76(b) of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

    c. Paragraph 76(c) of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

    d. Paragraph 76(d) of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

    e. Paragraph 76(e) of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

    f. Paragraph 76(f) of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

    g. Paragraph 76(g) of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

77. Paragraph 77 of the Complaint purports to request payment of a service award to Plaintiff and therefore contains no allegations of fact for which an answer is required; insofar as

an answer may be deemed required, the allegations are denied. Defendant further denies that Plaintiff is entitled to any service award requested in Paragraph 77 of the Complaint.

## CAUSES OF ACTION

### COUNT 1
### Failure to Pay Overtime Wages – Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

78. Defendant repeats and re-alleges each of the responses set forth above as if fully set forth herein.

79. Denies the allegations in Paragraph 79 of the Complaint.

80. Denies the allegations in Paragraph 80 of the Complaint.

81. Denies the allegations in Paragraph 81 of the Complaint.

82. Denies the allegations in Paragraph 82 of the Complaint.

83. Denies the allegations in Paragraph 83 of the Complaint.

84. Denies the allegations in Paragraph 84 of the Complaint.

85. Denies the allegations in Paragraph 85 of the Complaint.

86. Denies the allegations in Paragraph 86 of the Complaint.

### COUNT 2
### Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act
### (On Behalf of Plaintiff and the Rule 23 Class)

87. Defendant repeats and re-alleges each of the responses set forth above as if fully set forth herein.

88. Denies the allegations in Paragraph 88 of the Complaint.

89. Denies the allegations in Paragraph 89 of the Complaint.

90. Denies the allegations in Paragraph 90 of the Complaint.

91. Denies the allegations in Paragraph 91 of the Complaint.

92. Denies the allegations in Paragraph 92 of the Complaint.

93. Denies the allegations in Paragraph 93 of the Complaint.

## COUNT 3
### Untimely Payment of Wages – O.R.C. § 4113.15
(On Behalf of Plaintiff and the Rule 23 Class)

94. Defendant repeats and re-alleges each of the responses set forth above as if fully set forth herein.

95. Paragraph 95 of the Complaint states legal conclusions and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

96. Paragraph 96 of the Complaint purports to state requirements of the Ohio Revised Code and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

97. Denies the allegations in Paragraph 97 of the Complaint.

98. Denies the allegations in Paragraph 98 of the Complaint.

99. Denies the allegations in Paragraph 99 of the Complaint.

100. Denies the allegations in Paragraph 100 of the Complaint.

101. Denies the allegations in Paragraph 101 of the Complaint.

## COUNT 4
### Damages Pursuant to O.R.C. § 2307.60
(On Behalf of Plaintiff and the Rule 23 Class)

102. Defendant repeats and re-alleges each of the responses set forth above as if fully set forth herein.

4845-8117-6063.1

103. Paragraph 103 of the Complaint states a legal conclusion and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

104. Denies the allegations in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint states a legal conclusion and therefore contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

106. Denies the allegations in Paragraph 106 of the Complaint.

## COUNT 5
### Unjust Enrichment
### (On Behalf of Plaintiff and the Rule 23 Class)

107. Defendant repeats and re-alleges each of the responses set forth above as if fully set forth herein.

108. Denies the allegations in Paragraph 108 of the Complaint.

109. Denies the allegations in Paragraph 109 of the Complaint.

110. Denies the allegations in Paragraph 110 of the Complaint.

111. Denies the allegations in Paragraph 111 of the Complaint.

112. Denies that Plaintiff is entitled to any of the relief specified in each of the "WHEREFORE" clauses following Paragraph 111 of the Complaint.

## JURY DEMAND

113. The Paragraph under the heading "JURY DEMAND" contains no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under the FLSA or Ohio state law because he was fully and justly compensated for all time he suffered or permitted to work.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff worked and was not compensated, Plaintiff is not entitled to any relief under the FLSA or Ohio state law because he worked without the knowledge of his employer and/or failed to inform his employer of the time worked.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under the FLSA or Ohio state law to the extent that the alleged work activities which form the basis for his claims are *de minimis*.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA and Ohio state law are barred to the extent that he seeks additional compensation for noncompensable preliminary and postliminary activities.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA and Ohio state law are barred because Defendant has acted in good faith conformity with and in reliance on written administrative regulations, orders,

4845-8117-6063.1

rulings, approvals, interpretations, administrative practices, and enforcement policies of the state and federal departments of labor.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendant has acted without willfulness, in good faith, and with reasonable grounds for believing that it is and at all relevant times was complying with all applicable provisions of the FLSA and Ohio state law. Accordingly, Plaintiff is barred from recovering liquidated damages under the FLSA or Ohio state law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members have received full payment for all work performed.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue on behalf of the purported members of the alleged collective or class action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff does not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure or Rule 23 of the Ohio Rules of Civil Procedure.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiff's own culpable conduct, including Plaintiff's failure to inform his supervisors of all time worked. Any judgment recovered by Plaintiff must be reduced in proportion to the extent that his culpable conduct contributed to the alleged damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any putative class members are barred, in whole or in part, by the doctrines of accord, satisfaction, estoppel, and/or waiver.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Without conceding any arguments or defenses to the contrary, if the Court certifies a class action in this case, the Defendants assert the affirmative defenses set forth herein against each member of the certified class action.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff satisfied all criteria of an "exempt" employee within the meaning of the FLSA and Ohio state law.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are improperly joined.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not appropriate for collective action treatment because he is not similarly situated to the persons that he purports to represent, and thus cannot satisfy the requirements of a collective action under 29 U.S.C. § 216(b).

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Defendant and some or all putative collective action or class members.

## **AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims, and those of the putative class and collective action, are barred in whole or in part by the salary basis safe harbor provisions of the FLSA and Ohio state law.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert such additional affirmative or other defenses that may appear and prove applicable during the courts of this action.

**WHEREFORE**, Defendant requests judgment dismissing Plaintiff's Complaint with prejudice, together with costs and disbursements of this action, including attorneys' fees, and such further relief as this Court may deem just and proper.

Dated: October 19, 2021                              Respectfully submitted,


**NIXON PEABODY LLP**

By:   /s/ Stephen J. Jones
      Stephen J. Jones
      Todd R. Shinaman
1300 Clinton Square
Rochester, New York 14604
Tel: (585) 263-1000
sjones@nixonpeabody.com
tshinaman@nixonpeabody.com

*Attorneys for Defendant*
*Stantec Consulting Services Inc.*