IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Frank Lopeman, *On behalf of himself and those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Stantec Consulting Services, Inc., *et al.*, <br><br> Defendants. | Case No. 1:21-cv-2386 <br><br> Judge Raymond Moore <br><br> Magistrate Judge N. Reid Neureiter |

MOTION FOR SETTLEMENT APPROVAL

Plaintiff Frank Lopeman asks that the Court approve the parties' settlement agreement. The proposed settlement agreement (Ex. 1) resolves Plaintiff's individual claims raised in this lawsuit. Defendants do not oppose this motion. The arguments in support of Plaintiff's Motion are more fully set forth in the attached memorandum.

Respectfully submitted,

*/s/ Samuel Elswick, Jr.*
Andrew R. Biller (Ohio Bar # 0081452)
Andrew P. Kimble (Ohio Bar # 0093172)
Samuel D. Elswick Jr. (Ohio Bar #0100327)
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (614) 452-3568

2

Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*selswick@billerkimble.com*

www.billerkimble.com

Counsel for Plaintiff

2

---

### MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT APPROVAL

---

**1. Introduction**

The parties have reached a settlement agreement that resolves the individual claims of Plaintiff, Frank Lopeman, asserted in this case. Because the settlement resolves Fair Labor Standards Act claims, Plaintiff now asks the Court for approval of the parties' settlement agreement as fair, adequate, and reasonable. Defendant does not oppose this motion.

**2. Background and Procedural History of the Lawsuit**

Plaintiff worked as a Construction Services Field Manager for Defendant Stantec Consultings Services, Inc. Plaintiff filed this wage and hour lawsuit on September 3, 2021. *See Complaint*, Doc. 1. Plaintiff alleges that Defendant denied Plaintiff and similarly situated employees overtime wages for hours worked in excess of 40 in a workweek. Specifically, instead of receiving time-and-a-half their regular hourly payrate for overtime hours, Plaintiff alleges that he and other "HE" employees were paid their regular hourly rate for all hours worked. Plaintiff alleges that Defendant's practices violated the Fair Labor Standards Act ("FLSA"); the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.01, et seq., the Ohio Prompt Pay Act, O.R.C. 4113.15, the Ohio Criminal Acts Statute, O.R.C. 2307.60, and resulted in unjust enrichment to Defendants.

Defendant denies each of Plaintiff's claims and contends that Plaintiff was paid on a salary basis in accordance with the FLSA and Ohio law. *See* Doc. 11.

1

Shortly after the case was filed, Defendant provided Plaintiff with spreadsheets detailing Plaintiff's wages paid and hours worked. Plaintiff calculated his unpaid wages to be approximately $32,103.71. Plaintiff also estimated additional damages in the amount of $32,103.71 in FLSA liquidated damages, and $12,800 in Ohio Prompt Pay Act damages. Plaintiff also claims he is owed, pursuant to O.R.C. 2307.60, for injuries sustained resultant from a criminal violation of the FLSA.

After several rounds of negotiation, the parties agreed to settle Plaintiff's individual claims for $50,000, inclusive of attorney's fees and costs. Pursuant to Plaintiff's counsel's representation agreement with Plaintiff, the settlement agreement allocates $16,666.67 to attorney's fees and $724.26 in advanced litigation expenses. After these deductions, Plaintiff is set to receive $32,609.07, i.e., more than his unpaid wages. Defendant agrees to fund this settlement within 10 days after the Court grants approval.

3. **Standard for Settlement Approval**

For the settlement of an FLSA claim to be valid and enforceable, it must be approved by the Department of Labor or a court of competent jurisdiction. *Davis v. Crilly*, 292 F.Supp.3d 1167, 1170 (D. Colo. 2018). "Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to 'protect certain groups of the population from substandard wages and excessive hours... due to the unequal bargaining power as between employer and employee.'" *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)). To evaluate the settlement, the Court must review whether (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Id.* at 1171.

### 4.1. Bona Fide Dispute

To satisfy the bona fide dispute requirement, the mere existence of an adversarial lawsuit is not enough, rather the parties must provide sufficient information consisting of: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id.* at 1172.

This matter is, at its core, a dispute over whether Plaintiff was improperly classified as an overtime exempt employee, and thus, whether he was entitled to overtime pay equal to time-and-a-half his regular hourly rate for all hours worked over 40 in a work week. The FLSA requires that employers pay employees who work more than forty hours per week at time-and-a-half their regular rate for the hours they work in excess of forty hours in a week. 29 U.S.C. § 207(a). The only way for an employer to avoid the FLSA's overtime requirements is to ensure the employee qualifies for one of the FLSA's overtime exemptions as defined in 29 U.S.C. § 213.

Defendant Stantec Consulting Services, Inc. provides design and consulting services in planning, engineering, architecture, surveying, project economics, and project management, particularly in relation to building, energy resource, environmental, water, and infrastructure projects. Plaintiff worked for Defendant as a Construction Services Field Manager from July 2003 to March 27, 2020. From September 2018 until the end of his employment in March 2020,

Defendant classified Plaintiff as an "HE" employee and was paid his straight time hourly rate for all hours he worked including hours worked in excess of 40 in a workweek.

This dispute focuses on whether Plaintiff was paid on an hourly or salary basis. *See* 29 C.F.R. § 541.600, *et seq*. Defendant disputes liability because they claim that Plaintiff was properly paid on a salary basis, citing the fact that Plaintiff was never paid for less than 40 hours in any workweek.

Plaintiff counters that he was paid his regular hourly rate for all hours he worked, including overtime hours, and that he was required to claim earned PTO to be paid for 40 hours during workweeks when he did not work 40 hours.

Regarding the calculation of damages, the parties do not dispute the mathematical calculations, but Defendant contends they have complied with the law and are therefore not liable for any damages.

In sum, the parties in this matter disagree as to the facts underlying the entire dispute, the application of the underlying law to those facts, and whether damages are owed at all to. There is far more than just the filing of an adversarial lawsuit, the parties dispute the very operation of Defendant's pay practices and whether they comply with the overtime requirements of the FLSA. As such, the Court should find that a bona fide dispute exists here.

### 4.2. Fair and Equitable Settlement

Next, the court must determine whether the proposed settlement is fair and equitable for all the parties concerned. *Id.* at 1173. When determining whether a settlement is fair and reasonable, courts weigh a number of factors, including: (1) the extent of discovery that has taken

place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery. *Id.*

First, the parties completed discovery regarding Plaintiff's hours worked and wages received. This provided the parties with sufficient information to calculate damages and negotiate the settlement. This factor supports approval.

Second, the case settled at an early stage, but, as discussed above, not before Plaintiff had a complete opportunity to calculate damages. If the case were to proceed, it would likely have lasted years and involved multiple legal and factual disputes. There is a presumption in favor of voluntary settlement agreements, particularly in "complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *Shahlai v. Comcast Cable Communs. Mgmt., LLC*, No. 16-cv-2556-WJM-NRN, 2020 U.S. Dist. LEXIS 115874, at *8 (D. Colo. July 1, 2020) (*quoting Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010)). This factor supports approval of the settlement.

Third, the settlement was reached without any fraud or collusion. The parties engaged in a number of rounds of negotiations. The settlement results in Plaintiff receiving more than his unpaid wages even after accounting for attorney's fees and expenses, but less than the full amount he could have been awarded at trial. *See, e.g., Ashley v. Reg'l Transp. Dist.*, No. 05-cv-01567-WYD-BNB, 2008 U.S. Dist. LEXIS 13069, at *15 (D. Colo. Feb. 11, 2008). This factor supports approval.

Fourth, Plaintiff is represented by counsel experienced in wage and hour actions. *See, e.g., Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 92836, at *21 (S.D. Ohio May 17, 2021) ("Biller & Kimble, LLC have proven themselves to be highly skilled advocates for pizza delivery drivers and other workers."). This factor supports approval.

Fifth, Plaintiff's recovery was in dispute. The outcome of this case would turn on the application of disputed facts to a complex legal question about what qualifies as a "salary basis." At this matters core, there is a disagreement as to whether Plaintiff's pay was dependent upon the number of hours he worked or not. The inquiry into overtime exempt status "remains intensely fact bound and case specific." *Bernard v. Grp. Publ'g, Inc.*, 970 F. Supp. 2d 1206, 1223 (D. Colo. 2013) (*quoting Bohn v. Park City Grp., Inc.*, 94 F.3d 1457, 1461 (10th Cir. 1996). From there, there would be further dispute over FLSA liquidated damages, FLSA willfulness, whether the wages were "in dispute" under the Ohio Prompt Pay Act, and what damages, if any, would be appropriate under the Ohio Criminal Acts statute.

In light of the serious questions of law and fact in this case, the ultimate outcome of the litigation is in doubt. The presence of this doubt augers "in favor of settlement because settlement creates a certainty of some recovery, and eliminates doubt, meaning the possibility of no recovery after long and expensive litigation." *Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 U.S. Dist. LEXIS 52783, at *8-9 (D. Colo. Apr. 21, 2015).

Sixth, in light of these various disputed issues, Plaintiff's potential recovery ranged from $0 to potentially over $100,000 if he proved he was entitled to all possible damages and proved it was appropriate to "stack" those damages. As it stands, Plaintiff will receive more than his unpaid

wages even after accounting for attorney's fees and costs. This factor supports approval. *See, e.g., Rothe v. Battelle Mem'l Inst.*, Civil Action No. 1:18-cv-03179-RBJ, 2021 U.S. Dist. LEXIS 117836, at *31-32 (D. Colo. June 24, 2021)(finding that receiving slightly more than 100% of unpaid wages is an excellent result); *Faulkner v. Ensign United States Drilling inc.*, No. 16-cv-03137-PAB-KLM, 2020 U.S. Dist. LEXIS 17555, at *14 (D. Colo. Feb. 4, 2020)(finding that a recovery that "represent[ed] a significant portion of the alleged paid wages" was an "excellent" result).

### 4.3. The proposed settlement contains a reasonable award of attorneys' fees.

The settlement agreement calls for Plaintiff's Counsel to receive one-third of the settlement, $16,666.67, plus reimbursement of advanced litigation costs in the amount of $724.26.

The FLSA entitles counsel to recover "a reasonable attorney's fee . . . and costs of the action." *Rothe*, 2021 U.S. Dist. LEXIS 117836, at *21-22 (*quoting Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 594 (10th Cir. 1992)) (*quoting* 29 U.S.C. § 216(b)). To determine the reasonableness of a fee request, court must begin by calculating the "lodestar amount." *Morton v. Transcend Servs.*, No. 15-cv-01393-PAB-NYW, 2017 U.S. Dist. LEXIS 35484, at *6 (D. Colo. Mar. 13, 2017). The lodestar amount is adjusted based upon several factors including: (1) the time and labor required, (2) novelty and difficulty of the question presented by the case, (3) the skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount in controversy and results obtained, (9) experience, reputation, and ability of the attorneys, (10) undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Morton*,

7

2017 U.S. Dist. LEXIS 35484, at *6-7 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

Thus far, Plaintiff's counsel have worked a total of 135.67 hours on this case, for a total lodestar of $39,725.50 and an average hourly rate of $292.81 per hour. Plaintiff's counsel's work has involved investigating this case, drafting and filing the complaint, communicating with Plaintiff, evaluating payroll records for settlement purposes, researching the legal question, evaluating the arguments of Defendants, putting forward our own arguments in settlement negotiations, conducting initial discovery, and drafting a motion for FLSA conditional certification. If the Court would find it helpful, Plaintiff's Counsel can provide detailed, redacted time entries. However, "[i]n determining fee awards, courts should not become green-eyeshade accountants, but instead must content themselves with rough justice." *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 618 (6th Cir. 2021) (quotations omitted).

Here, Plaintiff's Counsel seeks fees in the amount of 1/3 of the total settlement amount, or $16,666.67. A contingency fee of 33% is customary in wage and hour cases. *Rothe*, 2021 U.S. Dist. LEXIS 117836, at *29.[1] As described above, the requested fee is less than half of Plaintiff's

---

[1] *See e.g., Whittington v. Taco Bell of America, Inc.*, No. 10-cv-01884-KMT-MEH, 2013 U.S. Dist. LEXIS 161665, 2013 WL 6022972, *6 ("Together the fees and costs amount to approximately 39% [*29] of the fund as a whole. This is within the normal range for a contingent fee award."); *Cimarron Pipeline Constr., Inc. v. Nat'l Council on Comp. Ins.*, Case Nos. CIV 89-822-T, CIV-1186-T, 1993 U.S. Dist. LEXIS 19969, *2 (noting that "[f]ees in the range of 30-40% of any amount recovered are common in complex and other cases taken on a contingent fee basis," and finding that "attorneys' fees of 33 1/3% of the common fund created by the efforts of counsel for the Class are in line with comparable other cases, [and] consistent with prevailing case law of this circuit"); *Braun v. Wal-Mart, Inc.*, 2009 Minn. Dist. LEXIS 332, 2009 WL 1592532 (Minn. Dist. Ct. June 1, 2009) (38% fee award); *Capsolas v. Pasta Res. Inc.*, 2012 U.S. Dist. LEXIS 144651, 2012 WL 4760910, at *8 (awarding fees equal to 33.33%).

Counsel's total lodestar as a attorney's fee in this case. As such, it is reasonable under the circumstances.

All of the remaining factors also support approval.

With respect to factors two and three, "FLSA cases are not novel, but this is a specialized area of the law where some degree of extra skill is needed to litigate." *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2013 U.S. Dist. LEXIS 161665, at *22 (D. Colo. Nov. 13, 2013).

With respect to factor four, Plaintiff's Counsel was precluded from taking on other contingency fee work because they agreed to represent Plaintiff here.

With respect to factor five, as noted above, a 1/3 contingency fee is customary in FLSA cases. *See footnote 1 supra.*

With respect to factor 6, Plaintiff's Counsel accepted this case on a contingency fee basis and has not been paid for the services they have performed to date. "Courts have consistently found that this type of fee arrangement, under which counsel runs a significant risk of nonpayment, weighs in favor of the reasonableness of a requested fee award." *Rothe*, 2021 U.S. Dist. LEXIS 117836, at *29-30.

With respect to factor 7, the client did not impose any unique time limitations.

With respect to factor 8, Plaintiff is set to receive more than his alleged unpaid wages, after deducting for attorney's fees and costs, in a case where the parties contest liability. This represents an excellent result for Plaintiff.

With respect to factor 9, Plaintiff's counsel is skilled in wage and hour cases. *See, e.g.*, *Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 97576, at *21 (S.D. Ohio May 24, 2021) ("The Court agrees that Biller & Kimble, LLC have proven themselves to be highly skilled advocates for pizza delivery drivers and other workers.").

With respect to factor 10, the case was not particularly undesirable, though it did present an unsettled question of law.

With respect to factor 11, Plaintiff's Counsel had no pre-existing relationship with Plaintiff prior to this lawsuit.

With respect to factor 12, as noted above, 1/3 is a customary fee in wage and hour cases.

Finally, Plaintiff's Counsel seeks reimbursement of 724.26 in advanced litigation expenses. These expenses relate to the filing fee, payment for attorney admission into the District, expenses involved in mailing client documents related to their case, and for process service. These expenses are reasonable and should be reimbursed.

**4.   Conclusion**

In light of the foregoing, Plaintiff asks the Court to enter an Order granting approval of the settlement and approving Plaintiff's counsel's request for attorney's fees and costs.

Respectfully submitted,

*/s/ Samuel Elswick, Jr.*
Andrew R. Biller (Ohio Bar # 0081452)
Andrew P. Kimble (Ohio Bar # 0093172)
Samuel D. Elswick Jr. (Ohio Bar #0100327)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515

10

Cincinnati, OH 45236
Telephone: (614) 452-3568
Facsimile: (614) 3404620
*biller@billerkimble.com*
*akimble@billerkimble.com*
*selswick@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

11

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was filed through the Court's ECF system, which will provide notice to all parties.

                                                                         /s/ Samuel Elswick, Jr.
                                                                        Samuel D. Elswick, Jr.