# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between Plaintiff Frank Lopeman ("Plaintiff") and Defendant Stantec Consulting Services Inc., ("Defendant"). Plaintiff and Defendant may also sometimes be collectively referred to as the "Parties."

The Parties, now desiring to enter into a Settlement Agreement and Release, do hereby settle and resolve all of the individual claims raised in Plaintiff's Complaint according to the following terms:

WHEREAS, Plaintiff has filed a class and collective action lawsuit, *Frank Lopeman v. Stantec Consulting Services Inc., et al.*, 1:21-cv-2386 (District of Colorado), asserting Defendant violated Plaintiff's federal and state wage and hour rights and that Defendant was unjustly enriched at Plaintiff's expense (the "Action");

WHEREAS, Plaintiff has served a complaint (Plaintiff's "Complaint") on Defendant asserting Defendant violated Plaintiff's federal and state wage and hour rights, specifically, the failure to pay overtime wages under the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4113.15, and O.R.C. § 2307.60 and was unjustly enriched at Plaintiff's expense;

WHEREAS, Defendant has denied and continues to deny any liability to Plaintiff and the putative class or collective action or any wrongdoing whatsoever; and

WHEREAS, there has been no certification of any putative class or collective action in the Action;

WHEREAS, Plaintiff and Defendant now desire to fully resolve and settle the matters raised in Plaintiff's Complaint and release and discharge Defendant from any and all claims which presently exist or may exist in the future arising out of or relating to the assertions in Plaintiff's Complaint as they relate to Plaintiff individually;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and undertakings set forth below, and other good and valuable consideration, the receipt and sufficiency of which each of the Parties hereby acknowledge, Plaintiff and Defendant agree as follows:

1. After execution of this Agreement by Plaintiff, Plaintiff's counsel shall draft a motion for settlement approval within 10 business days, seeking dismissal of the Action in its entirety with prejudice as to Plaintiff's individual claims, and present it to Defendant's counsel, who shall have five days to provide their comments and edits. Plaintiff's counsel shall not unreasonably reject Defendant's counsels' edits. Plaintiff shall file the motion for settlement approval with the Court within five days of receipt of any edits to the motion from Defendant's counsel.

2. Subject to, and within 10 business days of, the court approving this settlement and dismissing the Action in its entirety with prejudice and Defendant's receipt of IRS Forms W-9 completed by Plaintiff and by Plaintiff's counsel, Defendant shall mail to Plaintiff's counsel the consideration described in the following paragraph.

3. As consideration for the Agreement, and as a fair and reasonable compromise of disputed claims, Defendant agrees to pay a total of $50,000.00 ("Settlement Sum"), as follows:

   (a) One check made payable to Frank Lopeman in the amount of $16,304.54, minus applicable taxes and withholdings. This payment will be settlement for alleged wages owed, and Defendant will issue a Form W-2 to Plaintiff.

   (b) One check made payable to Frank Lopeman in the amount of $16,304.53, without any deductions or withholdings. This payment will be settlement for alleged liquidated damages owed. Defendant shall issue a Form 1099 to Plaintiff for this payment.

   (c) One check made payable to Biller & Kimble, LLC in the amount of $17,390.93, for settlement of any and all claims for attorneys' fees, costs, and expenses. Defendant shall issue a Form 1099 to Biller & Kimble, LLC and Plaintiff for this payment.

4. Plaintiff agrees that Plaintiff is responsible for the payment of any applicable local, state, and federal taxes upon said payments, and further agrees to indemnify and hold Defendant harmless from any and all claims arising out of said payments. Except for the obligations created by this Agreement, Plaintiff hereby fully releases and discharges Defendant, including Defendant's officers, directors, employees and agents, parent organizations, board members, subsidiaries, affiliates, predecessors, successors, heirs and assigns, and insurers (collectively referred to as the "Released Parties"), from any and all claims, demands, causes of action, and liabilities, known or

unknown, which Plaintiff ever had, claimed to have, or now has, arising out of or in any way related to the facts alleged in the Complaint, including, but not limited to, all claims under the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4113.15, and O.R.C. § 2307.60, and any and all state or local wage laws, as amended, or common law causes of action, including but not limited to breach of contract (express or implied), unjust enrichment, and conversion, etc..

5. Plaintiff and Defendant agree that neither party will make any statement disparaging the other party or which may negatively reflect upon the business practices or character of the other party or any related individual or entity. If inquiry is made of Defendant about Plaintiff's employment, they will provide only Plaintiff's dates of employment and last position held.

6. Defendant expressly denies any violation of any of its policies or procedures, or any local, state or federal laws, codes or regulations.

7. Plaintiff and Defendant agree that this Agreement is made solely for the purpose of compromising disputed claims and avoiding the costs and expense of further litigation. Nothing contained herein shall constitute an admission of wrongdoing or liability by either party, which liability is expressly denied.

8. Each party shall bear their own costs of litigation including attorneys' fees and expenses.

9. This Agreement contains the entire understanding between the Parties. The Parties acknowledge that no promise, representation, or warranty whatsoever, expressed or implied, not contained herein, concerning the subject matter of this Agreement has been made by the other party or any of their agents or attorneys to induce execution of this Agreement.

10. Each of the Parties hereby warrant, represent, and agree that in executing this Agreement, such party: (i) has done so with full knowledge of the rights it may have in respect to the other parties to this Agreement; (ii) has been fully and completely informed as to the contents of this Agreement and has discussed it with their attorneys; (iii) has read this Agreement and understands its terms; (iv) is signing this Agreement as the parties true and voluntary act and deed; and (vi) Plaintiff further represents and warrants that neither he nor any person claiming by or

3

through him has assigned or transferred, or purported or agreed to assign or transfer, any of the purported claims against Defendant in any way.

11. This Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of Colorado. The language in all parts of this Agreement shall be in all cases construed as a whole according to its very meaning and not strictly for or against either party.

12. Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be effected thereby and said illegal or invalid part, term or provision shall not be deemed to be a part of this Agreement.

13. Each party agrees to execute such additional documents as necessary, to cooperate with each other and otherwise take such actions as are necessary to accomplish the undertakings set forth in this Agreement.

14. No amendment to this Agreement shall be effective unless it is reduced to writing and signed by both Parties.

15. This Agreement shall be binding upon and inure to the benefit of the signatory parties and their respective successors, estates, executors, administrators, estate and trust beneficiaries, heirs, and assigns.

16. The Settlement Sum made pursuant this Agreement is not intended to: (a) form the basis for additional contributions to, benefits under, or any other monetary entitlement under; (b) count as earning or compensation with respect to; or (c) be considered to apply to, or be applied for purposes of, any of the Released Party's bonus, pension, and retirement programs, 401(k) plans, or any other benefit plan. The Settlement Sum paid pursuant to this Agreement is not compensation or wages for hours worked, hours paid or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose.

17. This Agreement may be executed in several counterparts, each in which shall have the force and effect of any original.

5

*Frank Lopeman*
_____
Frank Lopeman

Date: \_\_\_\_March 24_____, 20 22

Stantec Consulting Services Inc.

By: *William A. Butler* _____
Digitally signed by Bill Butler
Date: 2022.03.29 15:21:00 -07'00'

Its: \_\_Corporate Counsel_____

Date: \_\_\_\_\_March 29_____, 20 22