IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-02386-RM-NRN

FRANK LOPEMAN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

STANTEC CONSULTING SERVICES, INC., et al.,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
FOR SETTLEMENT APPROVAL**

---

This matter comes before the Court on Plaintiff's Motion for Settlement Approval (ECF No. 30), which states that the proposed settlement agreement resolves Plaintiff's individual claims raised in this lawsuit. Although Plaintiff brought this lawsuit individually and on behalf of others similarly situated, no class or collective has been certified, and neither the settlement agreement nor this ruling binds any such similarly situated others. Defendant does not oppose the Motion, and the Court finds good cause to grant it.

**I.     BACKGROUND**

This is a wage and hour lawsuit brought on behalf of Plaintiff Frank Lopeman, a former Construction Services Field Manager for Defendant Stantec Consulting Services, Inc. Plaintiff filed this lawsuit on September 3, 2021. Plaintiff alleges that Defendant denied Plaintiff and similarly situated employees overtime wages for hours worked in excess of 40 in a workweek.

This alleged violation stems from the pay practices applying to Defendant's "HE" employees whom Plaintiff alleges received only their regular hourly payrate for all overtime hours worked instead of receiving time-and-a-half their regular hourly payrate. Defendants deny Plaintiff's allegations and claim to have properly compensated Plaintiff and other HE employees. Plaintiff estimates his unpaid wages to be approximately $32,103.71. Plaintiff also estimated additional damages in the amount of $32,103.71 in FLSA liquidated damages, and $12,800 in Ohio Prompt Pay Act damages. Plaintiff also claims he is owed, pursuant to O.R.C. 2307.60, for injuries sustained resultant from a criminal violation of the FLSA.

## II.   ANALYSIS

For the settlement of an FLSA claim to be valid and enforceable, it must be approved by the Department of Labor or a court of competent jurisdiction. *Davis v. Crilly*, 292 F.Supp.3d 1167, 1170 (D. Colo. 2018). In these settlements, the court must evaluate whether: (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Id*. at 1171.

Pursuant to the Settlement Agreement, the parties have agreed to settle Plaintiff's individual claims for $50,000, inclusive of attorney's fees and costs. Pursuant to Plaintiff's counsel's representation agreement with Plaintiff, the settlement agreement allocates $16,666.67 to attorney's fees and $724.26 in advanced litigation expenses. After these deductions, Plaintiff is set to receive $32,609.07, which is more than his alleged unpaid wages. Defendant agrees to fund this settlement within 10 days after the Court grants approval.

Based on the parties' submissions, the Court finds that this litigation involves a bona fide dispute, the proposed settlement is fair and reasonable to all concerned parties, and the proposed settlement contains a reasonable award for attorney's fees. Accordingly, the Court grants Plaintiff's request.

### III.  CONCLUSION

In light of the foregoing, the Court GRANTS Plaintiff's Motion for Settlement Approval. To that end, the Court:

(1) grants approval of the settlement;

(2) approves Plaintiff's Counsel's request for an award of attorney's fees and costs;

(3) hereby dismisses this action with prejudice; and

(4) orders the parties to otherwise carry out the settlement agreement according to its terms.

The Court will retain continuing jurisdiction to facilitate completion of and compliance with the Settlement Agreement.

DATED this 20th day of May, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge